# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**MICHAEL MORROW**, an individual,

        Plaintiff,

v.

**FIRSTSERVICE RESIDENTIAL, INC.**, a Delaware corporation,

        Defendant.

CIVIL ACTION

Case No.  2:19-cv-554

Judge:

Mag. Judge:

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **MICHAEL MORROW** ("**MORROW**"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1.   This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

## PARTIES

2.   The Plaintiff, **MICHAEL MORROW** ("**MORROW**") is an individual and a resident of Florida who at all material times resided in Collier County, Florida and was employed by **FIRSTSERVICE RESIDENTIAL, INC.** ("**FIRSTSERVICE**" or "Defendant").

3.   Defendant, **FIRSTSERVICE** is a Delaware corporation that employed **MORROW** in Collier County, Florida.

4.   **FIRSTSERVICE** employs in excess of 50 employees and is an employer under the FMLA.

1

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **MORROW** began his employment with the Defendant on or about May 2, 2018.

8. **MORROW** was employed by the Defendant as a portfolio manager on a full-time basis.

9. **MORROW** always performed his assigned duties in a professional manner and was very well qualified for his position despite his impairments of the cardio-pulmonary and mental/emotional systems.

10. **MORROW** received good performance reviews from the Defendant's managers until he suffered a serious heart attack at work, which culminated in open-heart surgery.

11. On or about April 23, 2019, **MORROW** disclosed his serious health condition (anxiety/depression in the wake of nearly dying from his previous heart attack) to the Defendant and informed the Defendant that his anticipated FMLA leave would begin on May 6, 2019.

12. **MORROW** completed all FMLA paperwork and returned the same to the Defendant, which approved his FMLA leave from May 2, 2019 to July 26, 2019.

13. Despite **MORROW** was on FMLA leave, the Defendant frequently ignored the same and demanded **MORROW** engage in work no less than 36 separate times.

14. Unbeknownst to **MORROW**, the Defendant permanently replaced him shortly after he began his FMLA leave, which the Defendant informed him of on June 12, 2019.

15. On July 12, 2019, **MORROW** informed the Defendant of his intended return to work on July 26, 2019.

16. The Defendant, however, had no intention of returning **MORROW** to work and instead publicly advertised his position on its website and through online job forums, such as indeed.com, on July 16, 2019.

17. A mere 4-days prior to **MORROW**'s scheduled return to work, the Defendant suddenly informed him on July 22, 2019 that his position had been filled and that "we unfortunately will have to terminate your employment effective July 26, 2019."

18. In that same July 22, 2019 communication, the Defendant demanded **MORROW** execute a general release of all claims in exchange for 4-weeks of pay to "help you 'land on your feet.'" (Quotation marks in original).

19. The Defendant terminated **MORROW** as a result of his request for FMLA leave and his taking of the same, which stemmed from his serious health condition, and which violated the Defendant's own policy.

20. The Defendant's tangible, adverse employment actions were causally connected to **MORROW**'s need for FMLA leave and request for reinstatement.

21. The Defendant intentionally and systematically discriminated against **MORROW** by using his serious health condition, his need for FMLA leave and request for reinstatement as the substantial or motivating factors in the Defendant's decision not to continue **MORROW**'s employment and terminating him.

22. The Defendant terminated **MORROW** as a direct result of his request and need for FMLA leave.

23. The Defendant's decision to terminate **MORROW**'s employment violated **MORROW**'s rights under the FMLA.

### COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")-INTERFERENCE

24. The Plaintiff hereby incorporates by reference Paragraphs 1-23 in this Count by reference as though fully set forth below.

25. **MORROW** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he himself began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

26. **MORROW** informed the Defendant of his likely need for leave for his own serious health condition.

27. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

28. If the Defendant were to have decided that **MORROW**'s absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

29. The Defendant has never provided **MORROW** with any notice disqualifying his FMLA leave.

30. In fact, the Defendant determined that **MORROW** was eligible for leave under the FMLA and yet refused to allow him to return to work, thus terminating his employment because of his request for federally protected medical leave.

31. **MORROW** engaged in activity protected by the FMLA when he requested leave due to his serious health condition, consistently informing the Defendant of the same.

32. The Defendant knew, or should have known, that **MORROW** was exercising his rights under the FMLA and was aware of **MORROW**'s need for FMLA-protected absence.

33. **MORROW** complied with all of the notice and due diligence requirements of the FMLA.

34. The Defendant was obligated, but failed, to allow **MORROW** to take FMLA leave and to return **MORROW**, an employee who requested and took FMLA leave, to his former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

35. A causal connection exists between **MORROW**'s request for FMLA-protected leave and his termination from employment with the Defendant because the Defendant denied **MORROW** a benefit to which he was entitled under the FMLA.

36. As a result of the above-described violations of FMLA, **MORROW** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate,

and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

### COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

37. The Plaintiff hereby incorporates by reference Paragraphs 1-23 and 25-36 in this Count by reference as though fully set forth below.

38. **MORROW** informed the Defendant of his likely need for leave for his own serious health condition.

39. **MORROW** engaged in activity protected by the FMLA when he requested leave due to his serious health condition, consistently informing the Defendant of the same.

40. The Defendant knew, or should have known, that **MORROW** was exercising his rights under the FMLA and was aware of **MORROW**'s need for FMLA-protected absence.

41. A causal connection exists between **MORROW**'s request for FMLA-protected leave and reinstatement and his termination from employment with the Defendant because **MORROW** engaged in statutorily protected activity under the FMLA.

42. The Defendant retaliated by altering the terms and conditions of **MORROW**'s employment by refusing to return him to work, thereby terminating **MORROW**'s employment because he engaged in the statutorily protected activity of requesting and FMLA leave, and demanding reinstatement. The Defendant refused to return **MORROW** to work because **MORROW** requested and took FMLA leave, and demanded reinstatement, and terminated him because he engaged in this statutorily protected activity.

43. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **MORROW**'s employment because he engaged in activity protected by the FMLA.

44. As a result of the above-described violations of FMLA, **MORROW** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **MICHAEL MORROW**, by and through his undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: August 6, 2019

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com